CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 14 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| YAYAH TALIB, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00500 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. SMITH, <u>et al.</u>, | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Yayah Talib, Federal Register Number 07158-033, filed a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) with jurisdiction vested pursuant to 28 U.S.C. §1331. Plaintiff, an inmate at United States Penitentiary, Lee County ("USP Lee") in Jonesville, Virginia, alleges that defendants, employees at USP Lee, violated his constitutional rights.[1] After a thorough review of plaintiff's complaint and the documents he has submitted in support thereof, I am convinced that the complaint must be dismissed, pursuant to 42 U.S.C. § 1997e(a), because plaintiff failed to exhaust all available administrative remedies regarding the claims raised in the complaint.

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As amended, that section requires that

---

[1] Plaintiff alleges the following: on September 7, 2007, an officer addressed plaintiff with racial slurs and denied him access to legal materials; on October 3, 2007, plaintiff was subjected to a disciplinary hearing, based upon an allegedly falsified disciplinary report concerning the aforementioned events of September 7, 2007, whihc resulted in plaintiff's being placed in disciplinary segregation, having restrictions placed on his commissary privileges, and losing 27 days of good conduct time; and on October 7, 2007, he was taunted that his administrative appeals forms were being disposed of without processing in retaliation for having caused officers to be presented at an evidentiary hearing, on August 16, 2007, which was evidently decided in the officers' favor. Plaintiff seeks the restoration of his good conduct time, the expungement of his disciplinary record, unspecified injunctive relief, and monetary damages in excess of $250,000.00.

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a precondition to the <u>filing</u> of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure <u>after</u> commencing the lawsuit. <u>See Dixon v. Page</u>, 291 F.3d 485 (7th Cir. 2002), <u>citing</u> <u>Perez v. Wisconsin Dep't of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may <u>sua</u> <u>sponte</u> dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 683 (2005).

The United States Supreme Court has held that § 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). The Court has also held that § 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. <u>Id.</u> at 741, n.6. For example, the inmate in <u>Booth</u> filed a grievance pursuant to the state prison's grievance procedure, but failed to appeal the denial to the

2

intermediate or final appeal levels. Because the inmate failed to appeal the denial, the inmate was deemed to have failed to exhaust his administrative remedies. Id. at 735. Additionally, the Court in Booth held that even where inmates limited their "prayers for relief to money damages not offered through administrative grievance mechanisms . . . . Congress has mandated exhaustion clearly enough." Id. at 741.

Pursuant to 28 C.F.R. § 542.10, et seq., the BOP has established an administrative remedy procedure through which an inmate may seek a formal review of an issue or complaint relating to his confinement. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. See id. An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels.[2] See 28 C.F.R. § 542.15(a).

With his original complaint, plaintiff failed to present any evidence of exhaustion or any statement verifying that he had exhausted all available administrative remedies. Thereafter, on November 14, 2007, the court conditionally filed plaintiff's complaint, and requested, inter alia, that

---

[2] Several circuit courts of appeals have held that the failure to timely file an appeal with the General Counsel is a procedural default. See, e.g., Moscato v. B.O.P., 98 F.3d 757, 760 (3d Cir. 1996) (a prisoner's "failure to satisfy the procedural rules of the Bureau's administrative process constitutes a procedural default").

3

he (i) submit a statement verifying that he had exhausted all available administrative remedies, and (ii) attach documentation verifying his attempts to exhaust administrative remedies. Plaintiff has complied with these requests.

Plaintiff's documentation submitted with his statement verifying that he exhausted all available administrative remedies consists of two rejection notices from the Administrative Remedy Coordinator for the BOP's Mid-Atlantic Regional Office ("Regional Office"). The first rejection notice, dated October 22, 2007, indicates that plaintiff submitted a Regional Appeal, which was received by the Regional Office on October 19, 2007. The first rejection notice states the following reasons for the Regional Office's rejection of the appeal: plaintiff submitted his request or appeal at the wrong level; plaintiff failed to attempt informal resolution prior to submitting the administrative remedy, or failed to provide the necessary evidence of his attempt at informal resolution; and plaintiff failed to file a BP-9 request and receive the Warden's review and response prior to filing an appeal at the Regional Office. The first rejection notice included the following remarks: "2ND ATTEMPT TO FILE WITH [REGIONAL OFFICE] PRIOR TO [institutional] REVIEW. THERE IS NO RECORD THAT THIS ISSUE HAS BEEN SUBMITD [sic] TO [institution] FOR REVIEW & RESPONSE."

The second rejection notice, dated November 7, 2007, indicates that plaintiff again submitted a Regional Appeal, which was received by the Regional Office on November 2, 2007. The second rejection notice states the following reasons for the Regional Office's rejection of the appeal: plaintiff submitted his request or appeal at the wrong level; plaintiff failed to attempt informal resolution prior to submitting the administrative remedy, or failed to provide the necessary evidence of his attempt at informal resolution; plaintiff failed to file a BP-9 request and receive the Warden's

4

review and response prior to filing an appeal at the Regional Office; and plaintiff did not submit his request through his counselor or other authorized person. The second rejection notice included the following remarks: "3RD ATTEMPT TO FILE WITH [REGIONAL OFFICE] PRIOR TO [institutional] REVIEW. THERE IS NO RECORD THAT THIS ISSUE HAS BEEN SUBMITD [sic] TO [institution] FOR REVIEW & RESPONSE; NEED [institutional] REVW&RESP [sic]."

My review of plaintiff's documentation indicates that plaintiff failed to fully exhaust the administrative remedy procedures available to him. It could be construed that plaintiff argues that his failure to exhaust should be excused because he was denied the use of the administrative remedy procedures; however, his own documentation indicates that he had access to the administrative remedy program, but that he failed to properly exhaust it by following the prescribed procedures, which the court has already discussed.[3] Significantly, plaintiff's documentation indicates the lack of merit in his argument that his attempts to file grievances were thwarted, because plaintiff never attempted to first attempt to resolve his complaint informally; any grievances submitted without documentation of his attempt to obtain an informal resolution would be unsuccessful.

---

[3] To recapitulate: if a plaintiff is unable to resolve his complaint informally, he may then file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms.

I note that the Supreme Court has held that, in the context of § 1997e(a), administrative law requires proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 126 S.Ct. 2378, 2385 (2006). Regardless of his arguments that defendants thwarted his attempts to use the administrative remedies process, plaintiff failed to "properly" exhaust in the following ways: he either failed to attempt informal resolution prior to submitting the administrative remedy, or failed on appeal to provide the necessary evidence of his attempt at informal resolution; and plaintiff did not submit his requests through his counselor or other authorized person. Additionally, plaintiff's documentation indicates that he has not pursued his appeal to the highest level. See n. 2, supra.

I find that plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) and so determine that the instant complaint must be dismissed, without prejudice.[4]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This _14th_ of December, 2007.

_Jackson L. Kiser_

Senior United States District Judge

---

[4] The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).